Anne Harley KOHL and William J. Harley, as surviving executors of the Estate of William S. Harley, deceased, and Anne Harley Kohl, William J. Harley and John J. Balsom, as trustees under the will of William S. Harley, deceased, Plaintiffs,

v.

THE UNITED STATES of America, Defendant.

Civ. A. No. 5077.

United States District Court,
E. D. Wisconsin.

Sept. 30, 1954.
Findings of Fact and Conclusions
of Law Nov. 23, 1954.

TEHAN, Chief Judge.

In this action plaintiffs as surviving executors of the estate of William S. Harley, deceased, and as trustees under the will of the decedent, seek to recover federal estate taxes assessed against and paid in behalf of the estate, pursuant to Section 811(g) of the Internal Revenue Code as amended by Section 404(a) of the Revenue Act of 1942, 26 U.S.C. § 811(g).

■ The Court is of the opinion that so far as Section 404 of the Revenue Act of 1942 undertakes to impose a tax because of the gifts here in question made on January 21, 1941, it is unconstitutional because it purports to impose a direct tax without apportionment. The Court is further of the opinion that Section 404 of the Revenue Act of 1942, enacted into law on October 21, 1942, in its retroactive effect as applied to the facts in this case, imposes a tax that is so arbitrary and capricious that its enforcement would amount to deprivation of property without due process of law.

■ The matter of the amount of the judgment and the amount deductible for attorneys' fees, costs and disbursements incurred by the estate, were not submitted to the Court by the parties, in the belief that they were mere mathematical computations or in any event were susceptible to agreement between the parties. The parties hereto shall forthwith proceed to make such computations, to be included in the judgment to be entered herein.

The plaintiffs shall prepare findings of fact and conclusions of law in accordance with this Memorandum Opinion.

The above-entitled action having been submitted to the Court upon a stipulation of facts and certain exhibits which were made a part thereof, the Court being fully informed in the premises, and having, on September 30, 1954, handed down its memorandum opinion in the matter, makes the following findings of fact and conclusions of law:

Zillmer & Redford, Milwaukee, Wis., for plaintiffs.

Timothy T. Cronin, U. S. Atty., Milwaukee, Wis., for defendant.

## Findings of Fact

1. William S. Harley died a resident of Milwaukee County, State of Wisconsin, on September 18, 1943. Thereafter, on November 2, 1943, his will was duly admitted to probate in the County Court of Milwaukee County. Anne Harley Kohl and William J. Harley are the surviving executors thereof and Anne Harley Kohl, William J. Harley and John J. Balsom are the trustees under said will. Under the final decree entered in said estate matter on July 26, 1945, and by order of said County Court, all remaining assets of said estate were assigned and distributed to the trustees thereof. All sums recovered in this action will, pursuant to the provisions of the aforesaid final decree, be distributed to the trustees of said trust estate, to be administered as a part thereof.

2. On December 16, 1944, the said Anne Harley Kohl, William J. Harley and Crystal Haydel, as executors of the Estate of said William S. Harley, deceased, duly filed, on Treasury Department Form No. 706, at Milwaukee, Wisconsin, an estate tax return for said estate with Frank J. Kuhl, then the duly appointed and acting Collector of Internal Revenue for the District of Wisconsin. In said return were listed all of the assets comprising the total gross taxable estate of said William S. Harley, deceased. No part of the proceeds of certain life insurance policies on the life of said deceased, which said policies are hereinafter described, were included as part of said taxable estate.

In said estate tax return, the value of the total gross estate of said deceased, without including any portion of the proceeds of said life insurance policies as part of the taxable estate was listed in the sum of $472,083.25 for federal estate tax purposes. A federal estate tax in the sum of $97,240.28 was computed as due and owing on said estate.

3. On December 16, 1944, the executors of said estate paid the sum of $97,240.28 to the Collector of Internal Revenue as and for the total federal estate tax reported by them as due and owing on said estate.

4. Under date of December 11, 1943, the Commissioner of Internal Revenue proposed a deficiency in the sum of $52,059.61 with respect to the estate tax liability of said estate which said deficiency was, after a protest was filed on behalf of the executors of said estate and a conference with the Technical Staff of the Bureau of Internal Revenue, reduced to $31,065.16. This sum was thereafter assessed and paid by said executors on August 14, 1947, together with interest in the sum of $4,952.96, to the Collector of Internal Revenue. In Waiver of Restrictions, which was accepted in behalf of the Commissioner of Internal Revenue, said executors expressly reserved the right to file and prosecute a claim for refund of that part of the tax assessed by the Commissioner of Internal Revenue which was based upon the inclusion in the gross taxable estate of said decedent of a portion of the proceeds of the following life insurance policies on the life of said decedent in the Northwestern Mutual Life Insurance Company, to-wit:

| Policy Number | Proceeds at Death | Portion of Proceeds Commissioner Included in Gross Taxable Estate |
|---|---|---|
| 1515282 | $24,843.00 | $22,106.32 |
| 1587150 | 24,831.75 | 21,951.65 |
| 1587151 | 24,831.75 | 21,951.65 |
| | TOTAL | $66,009.62 |

5. On May 3, 1948, the executors and trustees of the estate duly filed a claim for refund of a portion of the estate tax assessed and paid on said estate, said claim being based upon the inclusion of the $66,009.62 of the proceeds of the Northwestern Mutual Life Insurance policies described in Paragraph 4 of these Findings. Under date of September 24, 1948, the Commissioner of Internal Revenue, by letter, denied said claim for refund in toto.

6. The aforesaid policies of life insurance were taken out and purchased by said decedent in 1921 and 1922, and no premiums on any of these policies were paid by said decedent, either directly or

indirectly, after December 29, 1940; prior to that date the premiums on said policies were paid for by the decedent. On January 21, 1941, said decedent transferred and assigned outright, without retaining any incidents of ownership whatsoever, or any rights or possibility of reverter, his entire right, title and interest in and to said policies to his three children, one of said policies to each of his three children. Thereafter, said decedent duly filed with the Collector of Internal Revenue for the District of Wisconsin, at Milwaukee, Wisconsin, a Federal Gift Tax return for the year 1941, setting forth the gifts of said policies to said children of decedent, and paid the gift tax, as shown on said return, which was due on said gifts.

7. Said decedent, after the assignments of said policies of insurance and at all times thereafter up to and including the time of his death, paid no part of the premiums on any of said policies. Said decedent, after the assignment of said policies of insurance and at all time thereafter up to and including the time of his death possessed no incident of ownership whatsoever and no possibility or right of reverter in any of said policies and no possibility of obtaining any benefits of any kind whatsoever, contingent or otherwise, from any of said contracts of insurance. After said assignments and up to the death of said decedent, decedent's children each paid all of the premiums on the respective policies assigned to them. No transfer of any rights, property or interest in or to any of said insurance policies occurred upon decedent's death.

Conclusions of Law

1. This Court has jurisdiction of the parties and of the subject-matter of this action.

2. This action arises under the Internal Revenue Laws of the United States, more particularly, under Section 404 of the Revenue Act of 1942, Title IV, Part I, enacted October 21, 1942, c. 619, 56 Stat. 798 et seq., United States Code, Title 26, § 811(g), as amended by said Act of October 21, 1942, and under the Constitution of the United States, Article I, Section 1, and under the Fifth Amendment to the Constitution of the United States. Jurisdiction of this action is conferred upon the District Court of the United States for the Eastern District of Wisconsin by the Act of June 25, 1948, c. 646, 62 Stat. 933, the Act of April 25, 1949, c. 92, 63 Stat. 62, and the Act of May 24, 1949, c. 139, 63 Stat. 101, United States Code, Title 28, § 1346, as amended.

3. Section 404 of the Revenue Act of 1942, so far as it undertakes to impose a tax on a portion of the proceeds of the Northwestern Mutual Life Insurance policies transferred by the decedent to his children on January 21, 1941, is unconstitutional because it purports to impose a direct tax without apportionment according to population as required under Article I, Section 2 and Article I, Section 9, of the Constitution of the United States.

4. Section 404 of the Revenue Act of 1942, so far as it undertakes to impose a tax on a portion of the proceeds of the Northwestern Mutual Life Insurance policies transferred by the decedent to his children on January 21, 1941, is retroactive in effect and imposes a tax which is so arbitrary and capricious that its enforcement would amount to deprivation of property without due process of law as required under the Fifth Amendment to the Constitution of the United States.

5. Plaintiffs are entitled to a refund of the amounts overpaid as a result of being required to include a portion of the proceeds of the aforesaid life insurance policies in the gross taxable estate and, further, they are entitled to deduct, for estate tax purposes, a reasonable sum for attorneys fees, costs and disbursements incurred by said estate, said refund amounting to the sum of Twenty-three Thousand Six Hundred Forty-one and 83/100 Dollars ($23,641.83) together with interest thereon at the rate provided by law from August 14, 1947.

6. Plaintiffs are entitled to recover of the defendant Twenty-three Thousand Six Hundred Forty-one Dollars and Eighty-three Cents ($23,641.83), together with interest thereon at the rate provided by law from August 14, 1947.

Let judgment be entered accordingly.