**Anne Harley KOHL and William J. Harley, as surviving Executors of the Estate of William S. Harley, Deceased, et al., etc., Plaintiffs-Appellees,**

v.

**UNITED STATES of America, Defendant-Appellant.**

**No. 11421.**

United States Court of Appeals Seventh Circuit.

Oct. 13, 1955.

H. Brian Holland, Asst. Atty. Gen., Marvin W. Weinstein, Atty., Tax Division, Washington, D. C., Edward G. Minor, U. S. Atty., Milwaukee, Wis., Ellis N. Slack, Robert N. Anderson, Attys., Dept. of Justice, Washington, D. C., for appellant.

Raymond T. Zillmer, William C. Dill, Milwaukee, Wis., Zillmer & Redford, Milwaukee, Wis., for plaintiffs-appellees.

Before DUFFY, Chief Judge, and MAJOR and LINDLEY, Circuit Judges.

LINDLEY, Circuit Judge.

The government appeals from a judgment for plaintiff taxpayers, allowing them recovery of deficiencies in federal estate taxes assessed against and paid by them under protest. D.C., 128 F.Supp. 902.

The facts are not in dispute. William S. Harley, in 1921 and 1922, procured three insurance policies upon his life and paid the annual premiums accruing thereon prior to December 29, 1940. On January 21, 1941 he transferred and assigned all his rights in the policies to his three children, retaining no title or in-

terest of any character whatever or any possible rights of reversion. He filed a gift tax return for the year, reported the gifts to his children and paid the tax due thereon. All premiums on the policies accruing subsequent to the transfer were paid by the assignees. He died September 18, 1943.

Upon Harley's death the Commissioner of Internal Revenue made a determination that that proportional part of the face value of the policies represented by the premiums paid by him prior to his gift to his children, should be included in his estate, and levied a deficiency of $66,-009.62, representing the aliquot part of the policies represented by the premiums paid by him. It was the additional tax resulting from this deficiency which plaintiffs paid and later recovered in the judgment from which this appeal is taken.

The government grounds its right to assess the tax upon Sec. 811(g) of the Internal Revenue Code of 1939, 26 U.S.C. 1952 Ed. § 811 as amended by Section 404 of the Revenue Act of 1942, 56 Stat. 944. Sec. 811(g) provides that the taxable value of the gross estate of the decedent shall include, among other assets, the proceeds of life insurance, " * * * To the extent of the amount receivable by the executor * * * " and " * * * To the extent of the amount receivable by all other beneficiaries as insurance under policies upon the life of the decedent (A) purchased with premiums, or other consideration, paid directly or indirectly by the decedent, in proportion that the amount so paid by the decedent bears to the total premiums paid for the insurance, * * *. For the purposes of clause (A) of this paragraph, if the decedent transferred, by assignment or otherwise, a policy of insurance, the amount paid directly or indirectly by the decedent shall be reduced by an amount which bears the same ratio to the amount paid directly or indirectly by the decedent as the consideration in money or money's worth received by the decedent for the transfer bears to the value of the policy at the time of the transfer. * * * " Section 404, 26 U.S.C.A. § 811 note, provides that " '* * * The amendments * * * shall be applicable only to estates of decedents dying after the date of the enactment of this Act; but in determining the proportion of the premiums or other consideration paid directly or indirectly by the decedent (but not the total premiums paid) the amount so paid by the decedent on or before January 10, 1941, shall be excluded if at no time after such date the decedent possessed an incident of ownership in the policy.' "

The trial court concluded that "Section 404 of the Revenue Act of 1942, so far as it undertakes to impose a tax on a portion of the proceeds of the * * * policies transferred by the decedent to his children on January 21, 1941, is unconstitutional because it purports to impose a direct tax without apportionment according to population, as required under Article I, Section 2 and Article I, Section 9, of the Constitution of the United States." It held, also, that "Section 404 of the Revenue Act of 1942, so far as it undertakes to impose a tax on a portion of the proceeds of the * * * policies transferred by the decedent to his children on January 21, 1941, is retroactive in effect and imposes a tax which is so arbitrary and capricious that its enforcement would amount to deprivation of property without due process of law as required under the Fifth Amendment to the Constitution." In view of these conclusions the Court held that plaintiffs were entitled to a refund to the extent that the Commissioner had included the insurance policies in the taxable estate.

Upon appeal the government contends that the Court erred in holding Sec. 811 (g) as amended unconstitutional and in deciding that the sections referred to, as applied to the facts in this case, are retroactive in effect, thus rendering them so arbitrary and capricious as to amount to deprivation of property without due process of law. It argues that, by the testator's death, the insurance policies which he had given his children

were substantially enlarged in value over what they were worth when the gifts were completed, and that that fact is sufficient to constitute a transfer at the time of his death.

■ We are of the opinion that to construe and apply the two sections to the facts of this case as the government would have us, would necessarily result in their unconstitutionality. Such construction would require that the insurance, regardless of its ownership at the time of the decedent's death, must be included in his gross estate. Such is not a tax on a transfer but rather a direct tax on proceeds without apportionment, as required by Article I, § 2, Clause 3 and Article I, § 9, Clause 4 of the Constitution. A tax imposed on property or the income therefrom only by reason of its ownership is direct. Pollock v. Farmers' Loan & Trust Co., 157 U.S. 429, 578, 580, 15 S.Ct. 673, 39 L.Ed. 759. Such taxes bear directly upon persons, upon their possession and enjoyment of rights, whereas indirect taxes are levied upon the happening of an event such as an exchange or transmission of property. Knowlton v. Moore, 178 U.S. 41, 20 S.Ct. 747, 44 L.Ed. 969; see also Chase Nat. Bank of City of New York v. United States, 278 U.S. 327, 49 S.Ct. 126, 73 L. Ed. 405; Scholey v. Rew, 23 Wall. 331, 90 U.S. 331, 23 L.Ed. 99; Y. M. C. A. of Columbus, Ohio v. Davis, 264 U.S. 47, 50, 44 S.Ct. 291, 68 L.Ed. 558; Saltonstall v. Saltonstall, 276 U.S. 260, 48 S.Ct. 225, 72 L.Ed. 565.

■■ In the present case no transfer, no transmission of property rights in and to the policies in question, occurred upon the decedent's death. After the father, in his lifetime, made a completed gift of the insurance, reported it and paid the tax thereon, no interest remained in him. From that time, the assignees owned the policies and all rights in and to the same. "The assignees were in truth, not by any fiction, the absolute owners of the * * * policy". Bohnen v. Harrison, 7 Cir., 199 F.2d 492, at page 494. They might have sold the policies and transferred to others any and

all proceeds thereof. They might have surrendered them and received their cash value from the insurer. The assignor could exercise no control over, no rights in these pieces of property, which he had completely transferred. To tax as a part of his estate something which was no longer his, is to do violence to our constitutional provisions. See Chase Nat. Bank of City of New York v. United States, 278 U.S. 327, 49 S.Ct. 126, 73 L. Ed. 405; Newman v. Com'r, 5 Cir., 76 F. 2d 449, certiorari denied 296 U.S. 600, 56 S.Ct. 116, 80 L.Ed. 425; Scott v. Com'r, 8 Cir., 69 F.2d 444, 92 A.L.R. 531; Levy's Estate v. Com'r, 2 Cir., 65 F.2d 412. This is not one of those cases where a tax is constitutionally imposed because the assignor has retained incidents of ownership in the property transferred or possibilities of reversion. Only when the gift is not complete until the assignor's death, can the property transferred be properly included in the decedent's estate. Klein v. United States, 283 U.S. 231, 51 S.Ct. 398, 75 L.Ed. 996.

The government insists that Congress may properly impose at the death of the assignor a tax upon policies of insurance transferred during his life, measured by the value of the policies at the time of his death. But this argument loses sight of the basic premise that it is the transfer which is taxed and that alone and that that act was completed during the decedent's lifetime. No authority cited supports the government's theory. The cases upon which it relies, upon examination, are found to be, without exception, causes in which either some property interest, some right of reversion or some economic benefit in the property transferred, was retained by the transferror.

■ The government argues that the district court was not justified in holding that the pertinent sections of the statutes, when applied as the government seeks to have them applied, bring about retroactive results, for the reason, that under the law, as it existed prior to the amendment provided by § 404, the policies were taxable. Though the statute

did not provide for such taxation prior to the amendment, it is said that Regulation 5032 promulgated Jan. 10, 1941, eleven days prior to the assignments did so provide. But that regulation, if it meant to read into applicable law taxability of completely transferred insurance policies to third persons, transcended the then existing § 811(g). That section made it plain that Congress intended to tax insurance (a) receivable by the executors, and (b) receivable by other beneficiaries. It did not apply to completed transfers to third persons. T.D. 5032, however, attempted to include for taxation all policies transferred before the death of the decedent. It included such assignees. In this respect it went beyond the statutory provisions which covered only insurance receivable by the executors or beneficiaries. See Manhattan General Equipment Co. v. Com'r, 297 U. S. 129, 56 S.Ct. 397, 80 L.Ed. 528. Thus, the Court of Claims, in Guettel v. United States, 67 Ct.Cl. 613, 617, said: " * * * The language 'all other beneficiaries' used in the statute cannot be fairly construed as applying to the assignee of a policy payable to a designated beneficiary. Such a construction would be an unwarranted extension of the meaning of the statute here involved. Taxing statutes cannot be extended by implication beyond the clear import of the language used." To the same effect are Lewellyn v. Frick, 268 U.S. 238, 45 S.Ct. 487, 69 L.Ed. 934, Gould v. Gould, 245 U.S. 151, 38 S.Ct. 53, 62 L.Ed. 211, and C. I. R. v. Clark, 7 Cir., 202 F.2d 94, at page 98. We agree with this reasoning; the regulation transcended the statute; it was illegal and void insofar as it included assignment to persons other than executors or beneficiaries. Consequently, the government's argument in this respect must fail, for there was nothing in the regulation properly putting the decedent on notice that his estate would be legally subjected to pay a tax on policies of which he had completely divested himself. Consequently, to subject his estate to such liability, after the transfer, by a new statute, is to attempt to tax retroactively something not his and something upon which, at the time he gave it away, he had paid a federal tax.

Believing that the district court rightly decided the questions submitted, we affirm the judgment.