**ESTATE OF Clarence H. LOEB, Deceased, Bessie Robinson Loeb, Isidore Robinson and Harry Robinson, Executors, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 12, Docket 25015.**

United States Court of Appeals Second Circuit.

Argued Oct. 24, 1958.

Decided Nov. 28, 1958.

Morris J. Oppenheim, Newark, N. J., for petitioner.

Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson and L. W. Post, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before SWAN and MOORE, Circuit Judges, and KAUFMAN, District Judge.

PER CURIAM.

The decedent died on August 25, 1951. His wife Bessie and three sons survived him. In April 1941 Bessie took out three insurance policies on the life of her husband. The policies named her as beneficiary and the proceeds thereof were paid to her after her husband's death. He never had any control of the policies or any incidents of ownership. All premiums on the policies were paid by the wife by checks drawn on her personal checking account. Most of the funds deposited in her checking account were gifts from her husband but she testified she could have used the gifts for what-

ever purpose she pleased. The Tax Court held (1) that the husband indirectly paid the premiums and therefore the proceeds of the policies were includible in his estate under § 811(g)(2)(A) of the 1939 Code as amended, 26 U.S.C.A. § 811(g)(2)(A); and (2) that said section is not unconstitutional in its application to this case. The opinion by Judge Tietjens is reported in 29 T.C. 22 and was reviewed by the Tax Court.

All the points advanced by the petitioners on their appeal were presented below and have been carefully considered and competently discussed in the opinion of the Tax Court. We have nothing to add to the discussion.

Decision affirmed on opinion below.