Roy M. SCHWARZ, Aaron M. Schwarz and the Minors, Susan and Jane Schwarz, appearing through their natural tutrix, Mrs. Frances Stern, widow of Lewis E. Schwarz, Jr., now wife of Charles R. Colbert, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 6664.

United States District Court
E. D. Louisiana,
New Orleans Division.
Jan. 9, 1959.

**4**

---

Montgomery, Barnett, Brown & Reed, Walter M. Barnett, Albert Mintz, Moise Dennery, New Orleans, La., for plaintiffs.

George Elias, Jr., Washington, D. C., M. Hepburn Many, U. S. Atty., New Orleans, La., for defendant.

J. SKELLY WRIGHT, District Judge.

The principal basis for this suit for a refund of estate taxes is the asserted unconstitutionality of Sec. 811(g)(2)(A) of the Internal Revenue Code of 1939[1] when applied to life insurance policies originally taken out by decedent but assigned by him to the beneficiaries five years before his death. This Court, denying the claim of unconstitutionality, holds that that proportion of the proceeds of the policies which the premiums paid by him bear to the total premiums paid is includable, for estate tax purposes, in the gross estate of the decedent.

The policies in question were taken out by the decedent on his own life at various times before and during his marriage. The beneficiaries are his three sons. In March, 1946, his wife died, and six months later he assigned all his interest in these policies to his sons, who paid all the premiums thereafter. A gift tax was paid on this transfer. The decedent died in 1951. When his estate tax return was audited, the Commissioner added to his gross estate a part of the proceeds of these policies proportional to the amount of premiums paid by him. The resulting deficiency was paid under protest and is now sought to be recovered.

There is no contention that the statute does not apply to these policies. The plaintiffs' theory is that the statute, so applied, imposes an unapportioned direct tax on the proceeds of the policies, in violation of Article 1, Section 2 and Section 9 of the Constitution, and further, that the imposition of an estate tax on these life insurance proceeds is so arbitrary and unreasonable as to violate the due process clause of the Fifth Amendment to the Constitution. Plaintiffs rely on Kohl v. United States, 7 Cir., 226 F.2d 381. This decision, directly in point here, was considered at length by the Tax Court in Estate of Loeb, 29 T.C. 22, and was not followed. Shortly after the present case was submitted, this decision of the Tax Court was affirmed per curiam by the Second Circuit,[2] thus presenting a conflict with the Seventh Circuit. The precise question involved in these cases and the present case has not been decided by the Fifth Circuit.[3]

In Knowlton v. Moore, 178 U.S. 41, 47, 20 S.Ct. 747, 750, 44 L.Ed. 969, the

---

1. "§ 811. Gross estate.
   "The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States—

   \*  \*  \*  \*  \*

   "(g) (as amended by Sec. 404(a) of the Revenue Act of 1942, c. 619, 56 Stat. 798) *Proceeds of life insurance*

   "(1) *Receivable by the executor.* To the extent of the amount receivable by the executor as insurance under policies upon the life of the decedent.

   "(2) *Receivable by other beneficiaries.* To the extent of the amount receivable by all other beneficiaries as insurance under policies upon the life of the decedent (A) purchased with premiums, or other consideration, paid directly or indirectly by the decedent, in proportion that the amount so paid by the decedent bears to the total premiums paid for the insurance, \* \* \*." 26 U.S.C.A. § 811.

2. Loeb's Estate v. Commissioner, 2 Cir., 261 F.2d 232.

3. But compare dissenting opinion of Judge Sibley in Flick's Estate v. Commissioner, 5 Cir., 166 F.2d 733.

Supreme Court distinguished direct taxes, constitutionally required to be apportioned, from indirect taxes which need not be: "Direct taxes bear immediately upon persons, upon the possession and enjoyment of rights; indirect taxes are levied upon the happening of an event or an exchange." Plaintiffs, citing and quoting from many cases,[4] argue that the only event on which an estate tax may be levied as an indirect tax is a transfer of property or shifting of economic benefits at death from the decedent to the beneficiary; that no such event took place here because the decedent possessed none of the incidents of ownership of the policies at his death; and therefore this is a direct tax on the mere possession of the proceeds of the policies. The plaintiffs insist that the property transfer in suit here was complete when the decedent-insured assigned all of his interest in the insurance policies to the beneficiaries, and that there was no later event on which to base an indirect tax or which would make it reasonable to tax these insurance transfers at a different rate from other transfers of property.

■ Plaintiffs' argument misapprehends the teaching of the Supreme Court in Fernandez v. Wiener, supra, Chase National Bank of City of New York v. United States, supra, and other cases.[5] To be subject to an indirect tax, the event need not be a direct transfer from the decedent to the beneficiaries. "Obviously, the word 'transfer' in the statute, or the privilege which may constitutionally be taxed, cannot be taken in such a restricted sense as to refer only to the passing of particular items of property directly from the decedent to the transferee. It must, we think, at least include the transfer of property procured

through expenditures by the decedent with the purpose, effected at his death, of having it pass to another." Chase National Bank of City of New York v. United States, supra, 278 U.S. at page 337, 49 S.Ct. at page 128.

■■ Thus here the transfer of the proceeds of the policies by the insurer to the beneficiaries is constitutionally taxable, irrespective of the fact that the policy rights had been assigned to them by the decedent some years before his death. "It is the receipt in possession or enjoyment of the proceeds of a right previously acquired and vested upon which the tax is laid." Fernandez v. Wiener, supra, 326 U.S. 355, 66 S.Ct. 186. Once it is shown that the property was purchased by the decedent and that a shift of economic interest with respect thereto occurred at the time of his death, the event may properly be the subject of an indirect tax, irrespective of the fact that there was then no transfer of interest from the decedent.

■■ Admittedly, Congress may constitutionally impose estate taxes on inter vivos transfers when these transfers, like the purchase of life insurance, are made in contemplation of death. Milliken v. United States, 283 U.S. 15, 51 S.Ct. 324, 75 L.Ed. 809. Life insurance being inherently testamentary in character, no reason appears, in law or equity, why inter vivos transfers of rights therein should preclude the imposition of death taxes. See Loeb's Estate v. Commissioner, supra; Colonial Trust Co. v. Kraemer, D.C., 63 F.Supp. 866; see also 1 Paul, Federal Estate and Gift Taxation, Sec. 10.15, pp. 523–527.

Plaintiffs' argument is also based on an incomplete view of the facts of a life

4. Plaintiffs rely principally on the following cases: Knowlton v. Moore, supra; Chase National Bank of City of New York v. United States, 278 U.S. 327, 49 S.Ct. 126, 73 L.Ed. 405; Tyler v. United States, 281 U.S. 497, 50 S.Ct. 356, 74 L.Ed. 991; Klein v. United States, 283 U.S. 231, 51 S.Ct. 398, 75 L.Ed. 996; Helvering v. Bullard, 303 U.S. 297, 58 S.Ct. 565, 82 L.Ed. 852;

Goldstone v. United States, 325 U.S. 687, 65 S.Ct. 1323, 89 L.Ed. 1871; Fernandez v. Wiener, 326 U.S. 340, 66 S. Ct. 178, 90 L.Ed. 116; in each of which the decedent retained some interest in the property up to the time of his death.

5. Helvering v. Bullard, supra; Tyler v. United States, supra.

**6**

insurance transfer. Life insurance, which might be more accurately described as "death insurance," is a unique device for transferring a fixed amount of property at death, irrespective of when death occurs. As the Fifth Circuit has pointed out in Commissioner v. Chase Manhattan Bank, 5 Cir., 259 F.2d 231, the purchase of a life policy by the payment of a premium creates, by a single contract, two kinds of rights: "proceeds rights" in some beneficiary, and "policy rights" in the owner of the policy. The proceeds rights are fixed at the time the contract is made, in relation to the age and health of the insured and the current experience of the insurer. These rights, expressed in terms of the face value of the policy and the size of the premium, are the principal feature and purpose of the contract. Without the death insurance factor embodied in the proceeds rights, a life policy is a notably poor investment for the majority of policy holders.

The policy rights are incidental. Their value is almost always less than the value of the matured proceeds rights, and, for a large part of the life of a policy, it is less than the sum of the premiums paid. The policy rights are property which may be assigned and, as such, are properly the subject of a gift tax. However, such assignment does not affect the proceeds rights. It gives the assignee the opportunity to realize the present value of the policy rights and thereby destroy the proceeds rights. But if the policy continues in force, the proceeds rights mature on the death of the insured, and the policy rights disappear, according to the original terms of the contract. Under these circumstances the transfer which began with the payment of the first premium is completed only by the

death of the insured. The estate tax applies when this event occurs and death is, in fact, the "generating source" [6] of the full value of the policy. The policies in the present case matured according to their original terms and effected a single transfer of the proceeds rights, unaffected by the assignment of the policy rights during the life of the policies. Under the circumstances, no reason appears why this life insurance transaction is not as appropriate a subject of an indirect tax as any other transfer.

■■ The application of the gift tax to the transfer of the policy rights and the estate tax to the transfer of the proceeds rights is neither arbitrary nor unreasonable. Cf. Helvering v. Bullard, supra. Plaintiffs' contention to the contrary is again based on a failure to consider the two types of rights created by a life insurance policy. The assignment of the policy rights was properly the subject of a gift tax in view of their actual cash value at that time and the possibility that the policies might never mature. When these policies did, in fact, mature at death, the transfer of the proceeds was taxed at a different rate under the estate tax, and, presumably, the decedent's estate was credited with the amount of the gift tax. Although the policies were transferred inter vivos, their most important provision matured only on the death of the insured. Death destroyed the inter vivos rights and vested the proceeds in the decedent's survivors. Such a transfer is indistinguishable from other testamentary dispositions constitutionally subject to estate taxation. Loeb's Estate v. Commissioner, supra; Colonial Trust Co. v. Kraemer, supra; cf. Milliken v. United States, supra.

■ As an alternative basis for a refund, and without citation of authority,

6. Knowlton v. Moore, supra, 178 U.S. at page 56, 20 S.Ct. at page 753: "* * * tax laws of this nature * * * rest in their essence upon the principle that death is the generating source from which the particular taxing power takes its being, and that it is the power to transmit, or the transmission from the dead to the living, on which such taxes are more immediately rested." And at page 57, of 178 U.S., at page 754 of 20 S.Ct.: "Confusion of thought may arise unless it be always remembered that, fundamentally considered, it is the power to transmit *or* the transmission *or receipt* of property by death which is the subject levied upon by all death duties." (Emphasis added.)

plaintiffs argue that these policies were owned by decedent and his wife as community property; that when his wife died, the naked ownership of the policy rights passed immediately to the three sons, subject to a right of usufruct in the decedent during his life; that the decedent was obliged to return this property or its cash value to his sons; and that one-half the cash value of the policies at the date of the wife's death is an obligation of decedent's estate which should be allowed as a deduction on his estate tax return. Assuming that, under Louisiana law, the policy rights in an insurance policy are the kind of property one-half of which can be held in usufruct by a surviving spouse,[7] it nevertheless appears here that these rights along with all the rest of decedent's interest in the policies were irrevocably assigned by him to his sons six months after his wife's death.

Judgment for the defendant.

---

7. But see Sherwood v. New York Life Ins. Co., 166 La. 829, 118 So. 35.