**MANUFACTURERS NATIONAL BANK OF DETROIT, a National Banking Association, as Executor of the Last Will and Testament of Clifford B. Longley, Deceased, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 17137.**

United States District Court
E. D. Michigan, S. D.

June 1, 1959.

Bodman, Longley, Bogle, Armstrong & Dahling, Henry I. Armstrong, Jr., Detroit, Mich., for plaintiff.

Charles K. Rice, Asst. Atty. Gen., James P. Garland, Philip R. Miller, Leo M. McCormack, Attys. Dept. of Justice, Washington, D. C., Fred W. Kaess, U. S. Atty., Elmer L. Pfeifle, Jr., Asst. U. S. Atty., Detroit, Mich., for defendant.

THORNTON, District Judge.

Plaintiff brings this suit to recover estate taxes paid by it as executor for the estate of Clifford B. Longley, who died July 15, 1954. The issue here is simply whether a section of the Internal Revenue Code of 1939, as amended, is unconstitutional as applied in this case. The identical question has been decided by several courts prior to this time, but there is a conflict in their decisions. It appears to us that there is no reconciliation possible and that we must reach a yes or no result. We shall proceed, therefore, to set forth the considerations which have led us to adopt as our own, the views set forth in the particular decision with which we concur.

At the outset, let us state that this case has been submitted to the Court for decision upon a stipulation of facts [1] and upon the briefs of the respective parties. The Court has had the benefit of thorough and well prepared briefs.

At the time of the death of the decedent herein, July 15, 1954, there was still in effect the 1939 Internal Revenue Code. Approximately a month later the 1954 Code went into effect, and the provision of the 1939 Code here under con-

---

1. Attached as appendix hereto.

siteration was eliminated. Were the 1954 Code operative in the instant case, there would be no question but that the insurance proceeds here in dispute would not be subject to the estate tax.

The beneficiary of the insurance policies here was the owner thereof, by virtue of assignment dated December 18, 1936. The decedent retained no incident of ownership from that date on. He had paid all premiums prior to the assignment and continued to pay all subsequent thereto. The assignment instrument provides that the beneficiary (wife) had the right to change beneficiary, reinstatement, surrender options, dividend rights prior to maturity of policy, loans to pay premiums, settlement option, cash loans and receipt of proceeds as endowment. The situation of the decedent here with respect to his rights in the policy is the same as that of the decedent in these recent cases, namely, Kohl v. United States, 7 Cir., 1955, 226 F.2d 381; Loeb's Estate v. Commissioner, 2 Cir., 1958, 261 F.2d 232;[2] Schwarz v. United States, D.C. E.D.La.1959, 170 F.Supp. 2.

The language of the Internal Revenue Code of 1939, as amended, which is the focal point of the cases cited above and of this case, is set forth here:

"§ 810. Rate of tax

"A tax * * * shall be imposed upon the transfer of the net estate of every decedent * * *." 26 U. S.C.A. § 810.

"§ 811. Gross estate

"The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States—

*    *    *    *    *    *

"(g) Proceeds of life insurance

"(1) *Receivable by the executor.* To the extent of the amount re-

ceivable by the executor as insurance under policies upon the life of the decedent.

"(2) *Receivable by other beneficiaries.* To the extent of the amount receivable by all other beneficiaries as insurance under policies upon the life of the decedent (A) purchased with premiums, or other consideration, paid directly or indirectly by the decedent, in proportion that the amount so paid by the decedent bears to the total premiums paid for the insurance, * * *" 26 U.S.C.A. § 811(g) (1, 2).

In reaching our determination of this case we have considered the cases cited by counsel for the respective parties. We have also endeavored to seek guidance from opinions of the Supreme Court and of the Court of Appeals for the Sixth Circuit. We have been impelled toward resolving this case in favor of the plaintiff, on the basis of the reasoning found in United States v. Bess, 1958, 357 U.S. 51, 78 S.Ct. 1054, 2 L.Ed.2d 1135; Tyson v. Commissioner, 6 Cir., 1954, 212 F.2d 16; and Stern v. Commissioner, 6 Cir., 1957, 242 F.2d 322.[3] We are well

aware that § 311(a) (1), (f) of the Internal Revenue Code of 1939, 26 U.S. C.A. § 311(a) (1), (f) involved in these 3 cases is different from § 811 and that a different concept may be involved — — there the question of unpaid income taxes of a decedent is treated. However, the term *transfer* there has been considered as of paramount importance. In the instant case it is of paramount importance that insurance proceeds be deemed to constitute a *transfer* if the tax is to be upheld. Despite all the arguments that may be advanced against using a § 311 case as authority for a § 811 case, this Court takes the view that logic as such does not vary from statute to statute or case to case. If 2 plus 2 equals 4 for one purpose, it equals it for all, absent a different semantic hypothesis. It is the

---

**2.** Affirming Estate of Clarence H. Loeb, 29 T.C. 22.

**3.** Affirmed 1958, 357 U.S. 39, 78 S.Ct. 1047, 2 L.Ed.2d 1126.

logic found within the confines of the 3 opinions just cited — — — Bess, Tyson, Stern — — — that has brought us to the conclusion that no transfer of the property herein sought to be included in the estate of this decedent occurred at the time of his death. Therefore, to the extent that § 811(g) (2) is sought to be applied to the insurance proceeds herein, it is unconstitutional. We think that this conclusion is implicit in the holdings in the Bess, Tyson and Stern cases, supra, which cases we have used by way of analogy. We therefore adopt the reasoning in the Kohl case, supra, as our own.

A judgment may be presented accordingly.

### Appendix.

### Stipulation of Facts.

It Is Hereby Stipulated and Agreed by and between the parties hereto, through their respective counsel, that the following facts may be taken as true and may be included by the court in its findings of fact, subject to the right of either party to introduce other and further evidence not inconsistent with the facts herein stipulated.

1. Clifford B. Longley died testate on July 15, 1954, a resident of the City of Detroit, County of Wayne and State of Michigan. His will was duly admitted to probate by the Probate Court for Wayne County, Michigan, on the 27th day of August, 1954, and on the same date Manufacturers National Bank of Detroit, a National Banking Association (the plaintiff in this cause) was appointed as executor of the estate of said Clifford B. Longley. It duly qualified and is still acting as such executor.

2. The plaintiff as such executor on October 13, 1955, filed an Estate Tax Return on Treasury Form 706 on account of the estate of said decedent with the District Director of Internal Revenue at Detroit, Michigan, and paid the tax shown as due by said return, namely, $55,044.61.

3. The following policies of insurance on the life of said decedent, all issued by the Mutual Benefit Life Insurance Company of Newark, New Jersey, were included in "Schedule D–Insurance" of said return at the following values:

| Item Number | Policy Number | Value as Returned |
|---|---|---|
| 5 | 1,093,763 | $ 25,120.83 |
| 6 | 1,302,517 | 25,171.00 |
| 7 | 1,302,518 | 25,548.38 |
| 8 | 1,552,548 | 50,353.00 |
| | Total—$126,193.21 | |

Attached hereto and marked Exhibit A is a copy of said policy 1,093,763. Attached hereto and marked Exhibit B is a copy of said policy 1,302,517. Attached hereto and marked Exhibit C is a copy of said policy 1,302,518 and attached hereto and marked Exhibit D is a copy of said policy 1,552,548.

4. Under date of December 18, 1936, said decedent executed a document, a copy of which is hereto attached and marked Exhibit E. Said document was received on January 2, 1937, by Johnston & Clark, the general agents in Detroit, Michigan, of said Mutual Benefit Life Insurance Company at that time. On or about January 4, 1937, said document was received by the "Agreement Department" of the Mutual Benefit Life Insurance Company of Newark, New Jersey, and a copy of said document was endorsed on each of said policies.

5. Both before and after the execution of such document, and up to the date of his death, said decedent paid all premiums on said policies of insurance.

6. Under date of December 19, 1936, Harriet B. Longley, the wife of decedent mentioned in the said document of which Exhibit E is a copy, executed and delivered to the Insurance Company an instrument, copy of which is attached hereto and marked Exhibit F. A copy of said document was endorsed on each of said policies, and the proceeds of said policies are now held pursuant to the provisions of said document and of said policies.

7. On audit of said return by the Internal Revenue Service, it was discovered that in determining the proportion to total premiums, of premiums paid directly or indirectly by said decedent, Clifford B. Longley, plaintiff had not excluded the premiums paid by decedent before January 10, 1941. The resulting adjustment by the Internal Revenue Service reduced the value of such policies of insurance deemed includible in the gross estate for purposes of the estate tax to the following amounts:

| Item Number | Policy Number | Corrected Value |
|---|---|---|
| 5 | 1,093,763 | $10,646.87 |
| 6 | 1,302,517 | 12,279.19 |
| 7 | 1,302,518 | 11,823.64 |
| 8 | 1,552,548 | 30,074.14 |
| | | Total—$64,823.84 |

8. The adjustment referred to in paragraph 7, together with another adjustment, resulted in a net reduction of $56,388.82 in the adjusted gross estate of said decedent. This reduction resulted in an overassessment of $7,781.65 in the amount of the estate tax previously paid by plaintiff as executor on account of the estate of said decedent. Such overassessment, together with interest in the amount of $37.10, or a total of $7,818.75, was duly refunded plaintiff as such executor, on September 18, 1956.

9. On November 20, 1956, the plaintiff filed with the District Director of Internal Revenue at Detroit, Michigan, a claim for refund (Treasury Form 843) of estate taxes paid on behalf of the estate in the amount of $8,945.70, plus interest. A copy of such claim is attached as Exhibit B to the Complaint filed in this case. The Commissioner of Internal Revenue has not issued a statutory notice of disallowance of such claim for refund.

10. The amount of estate tax paid by plaintiff which is attributable to the inclusion in the gross estate of said decedent of the value of such policies of insurance as so reduced in paragraph 7 herein shall be determined by the joint mathematical computation of the parties immediately after the questions involved herein have been decided by this Court.