Edward F. PRITZLAFF, Special Administrator of the Estate of Fred C. Pritzlaff, deceased, and Edward F. Pritzlaff as a distributee of the Estate of Fred C. Pritzlaff, deceased, and as Agent of John C. Pritzlaff, Richard G. Pritzlaff, Dorothy Meyer, Gertrude P. Hewitt and Madeleine Chadwick, distributees of the Estate of Fred C. Pritzlaff, deceased, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 58–C–26.

United States District Court
E. D. Wisconsin.

April 28, 1961.

Ralph von Briesen and E. Thomas Schilling, Milwaukee, Wis., for plaintiff.

Richard T. Mulcahey, Dept. of Justice, Tax Division, Washington, D. C., for defendant.

TEHAN, Chief Judge.

The issues raised by the complaint of the plaintiff, Edward F. Pritzlaff, Special Administrator of the Estate of Fred C. Pritzlaff, deceased, and Edward F. Pritzlaff as a distributee of the Estate of Fred C. Pritzlaff, deceased, and as Agent of John C. Pritzlaff, Richard G. Pritzlaff, Dorothy Meyer, Gertrude P. Hewitt, and Madeleine Chadwick, distributees of the Estate of Fred C. Pritzlaff, deceased, and the answer of the United States of America, having come on for trial by the court, and the plaintiff having appeared by his attorneys, Ralph von Briesen and E. Thomas Schilling, and the defendant having appeared by Richard T. Mulcahey, Attorney, Department of Justice and all of the facts having been stipulated.

The court having considered the pleadings herein, the facts as stipulated, the arguments of counsel and the briefs filed

and being fully advised in the premises does hereby make and file the following findings of fact:

### Findings of Fact.

1. Edward F. Pritzlaff, John C. Pritzlaff, Richard G. Pritzlaff, Dorothy Meyer, Gertrude P. Hewitt and Madeleine Chadwick are children of Fred C. Pritzlaff, deceased. Edward F. Pritzlaff is a citizen of the State of Wisconsin and resides in Milwaukee County. John C. Pritzlaff, Gertrude P. Hewitt and Madeleine Chadwick are citizens of the State of Wisconsin and reside in Waukesha County. Dorothy Meyer is a citizen of the State of Florida and resides in Dade County. Richard G. Pritzlaff is a citizen of the State of New Mexico and resides in San Miguel County.

2. Fred C. Pritzlaff died a resident of Waukesha County in the Eastern District of Wisconsin on November 9, 1951. On November 20, 1951, his will was duly admitted to probate in the County Court of Waukesha County.

3. On February 21, 1955, there was entered in the Matter of the Estate of Fred C. Pritzlaff, deceased, by order of said County Court the judgment allowing final account and assigning estate, which judgment was made absolute by order of said court on that date. By the terms of said judgment all remaining assets of said estate were assigned and distributed to his six above named children.

4. Thereafter, Edward F. Pritzlaff was duly appointed Special Administrator of the Estate of Fred C. Pritzlaff with specific authority to prosecute claim for refund of Federal Estate Tax theretofore paid in the Matter of the Estate of Fred C. Pritzlaff, deceased, and ever since such appointment has been and is now acting as such Special Administrator.

5. On February 9, 1953, Edward F. Priztlaff, Henry A. Meyer and John C. Pritzlaff, the then appointed and acting executors of the last will and testament of Fred C. Pritzlaff, deceased, filed an estate tax return for the estate of Fred C. Pritzlaff, deceased, with the Director of Internal Revenue for the Eastern District of Wisconsin, showing a total gross taxable estate of $585,099.99. A Federal estate tax in the sum of $118,085.09 was computed on said return as due and owing on said estate, which tax was paid on February 9, 1953.

6. By letter dated June 1, 1953, the District Director of Internal Revenue advised that the correct tax on the basis of the return was $117,685.09, the $400 reduction arising out of an arithmetical error on the original return. Thereafter, upon audit of the return the net estate tax payable was stated by the District Director of Internal Revenue to be $121,904.62, and a deficiency in estate tax was assessed by the Commissioner of Internal Revenue in the amount of $4,219.53. This additional tax plus interest of $316.46 was paid on May 10, 1954.

7. Policies of insurance upon the life of the decedent Fred C. Pritzlaff were purchased by the decedent in 1913 and 1915. The policy numbers, dates of issue and face amounts thereof were as follows:

| Policy No. | Date of Issue | Face Amount |
| --- | --- | --- |
| 1,118,386 | October 13, 1915 | $15,000.00 |
| 1,012,241 | November 1, 1913 | $35,000.00 |
| 1,118,932 | November 1, 1915 | $25,000.00 |

Prior to December 11, 1941, the decedent paid all the premiums on said policies and had complete ownership thereof, including the right to receive the cash surrender values and the unlimited right to change the beneficiaries.

8. On December 11, 1941, the decedent executed three documents surrendering the above mentioned policies to the insurer and requesting that seven policies be issued in lieu thereof naming his six children as beneficiaries. Those

seven policies were issued. All incidents of ownership of the policies thus issued were vested in the beneficiaries and the decedent retained no incidents of ownership. The policy numbers, face amounts, effective dates and beneficiaries of the policies issued on December 11, 1941, pursuant to the decedent's request were as follows:

| Policy Number | | Face Amount | Effective Date | Beneficiary |
| --- | --- | --- | --- | --- |
| 1,118,386 | | $12,500.00 | October 30, 1915 | John C. Pritzlaff |
| 1,118,386 | ½ | 2,500.00 | October 30, 1915 | Madeleine Chadwick |
| 1,012,241 | | 12,500.00 | November 1, 1913 | Gertrude P. Hewitt |
| 1,012,241 | ⅓ | 12,500.00 | November 1, 1913 | Dorothy Meyer |
| 1,012,241 | ⅔ | 10,000.00 | November 1, 1913 | Madeleine Chadwick |
| 1,118,932 | | 12,500.00 | November 1, 1915 | Edward F. Pritzlaff |
| 1,118,932 | ½ | 12,500.00 | November 1, 1915 | Richard G. Pritzlaff |

9. From and after December 11, 1941, the decedent paid no part of the premium on any of said policies directly or indirectly, all such premiums being paid by the beneficiaries specified therein.

10. The total net premiums paid by the beneficiaries from and after December 11, 1941 were $27,283.01. The total value of those policies on December 11, 1941 when they were given by the decedent to the beneficiaries was $54,834.69.

11. The proceeds realized upon the policies at the decedent's death were as follows:

| Policy Number | | Proceeds |
| --- | --- | --- |
| 1,118,386 | | $12,720.00 |
| 1,118,386 | ½ | 2,544.00 |
| 1,012,241 | | 12,707.13 |
| 1,012,241 | ⅓ | 12,707.13 |
| 1,012,241 | ⅔ | 10,165.70 |
| 1,118,932 | | 12,720.00 |
| 1,118,932 | ½ | 12,720.00 |
| | Total | $76,283.96 |

12. The net premiums paid by the beneficiaries ($27,283.01) exceeded the amount by which the proceeds at death ($76,283.96) exceeded the value at the time of the gifts ($54,834.69).

13. The estate tax return filed by the executors of the Estate of Fred C. Pritzlaff, deceased, on February 9, 1953, listed as a portion of the assets of the gross taxable estate of the decedent such portion of the proceeds of the seven policies issued on December 11, 1941 as bore the same relationship to all the proceeds as the premiums paid by the decedent bore to all the premiums. The portion of the proceeds thus included in the gross taxable estate totalled $56,959.45.

14. On February 8, 1956, Edward F. Pritzlaff, as distributee, as agent for the other distributees, and as special administrator of the Estate of Fred C. Pritzlaff, deceased, timely filed a claim for refund of a portion of the estate tax assessed and paid on said estate, asserting that none of the proceeds of the seven policies of insurance on the life of Fred C. Pritzlaff should have been included in his gross taxable estate. This claim for refund was disallowed.

Discussion.

It is the position of the defendant that the aforementioned portions of the proceeds of the seven life insurance policies were properly included in the decedent's gross estate pursuant to § 811(g) of the Internal Revenue Code of 1939 as amended by § 404(a) of the Revenue Act of 1942, 26 U.S.C.A. § 811(g). In his complaint and pre-trial brief, the plaintiff contended that that section was unconstitutional because (1) it imposed a direct tax without apportionment contrary to Article 1, Section 2, Clause 3 and Article 1, Section 9, Clause 4 of the United States Constitution, (2) it was retroactive in effect as applied to the facts of this case so as to render it arbitrary

and capricious and invalid under the Fifth Amendment to the United States Constitution, and (3) it was an arbitrary and unreasonable discrimination against insurance so as to violate the due process clause of the United States Constitution, Amend. 5.

The facts in this case are substantially identical to the facts in the case of Kohl v. United States, D.C., 128 F.Supp. 902, decided by this court in 1954. In its holding in that case, this court agreed with the contention of the plaintiff therein that § 811(g) as amended by § 404(a) was unconstitutional as applied to those facts because it imposed a direct tax without apportionment and because, in its retroactive effect as applied to those facts, it violated the Fifth Amendment to the United States Constitution. The third contention here made by the plaintiff was not advanced in the Kohl case.

Instead of taking a direct appeal to the United States Supreme Court from this court's judgment in the Kohl case (§ 1252, Title 28 U.S.C.), the defendant therein appealed to the Court of Appeals for the Seventh Circuit which affirmed this court's judgment. Kohl v. United States, 1955, 226 F.2d 381.

■ Prior to the trial of this action, the defendant advised the court that the issues presented herein were before the Supreme Court of the United States. The parties consented that further action herein be withheld until the Supreme Court case was decided. The trial was therefore not held until after the Supreme Court rendered its decision in the case of United States v. Manufacturers National Bank of Detroit, 1960, 363 U.S. 194, 80 S.Ct. 1103, 4 L.Ed.2d 1158, in which case it decided, on facts similar to those involved herein, that § 811(g) as amended by § 404(a) did not impose a direct tax without apportionment and did not operate retroactively in violation of the Fifth Amendment.

At the trial, and in his brief filed thereafter, the plaintiff argued that the facts in the Manufacturers Bank case were distinguishable from the facts in this case because in that case the insured continued to pay premiums after the assignment of the policies until his death, while in the instant case, the beneficiaries paid all premiums after the assignment. We do not believe this distinction in facts significant. The Supreme Court held that § 811(g) did not operate retroactively in that case because the taxable event, being the maturing of the policies at the death of the insured, occurred after the enactment of the 1942 amendment to § 811(g). It does not appear that the Court relied on the fact that the insured continued to pay premiums until his death in holding that the maturing of the policies was the taxable event. In this regard, we note also that T.D. 5032, 1941–1 Cum.Bull. 427 was in effect when the assignment of policies occurred in the case at bar. The Supreme Court rejected the holding of the Court of Appeals in the Kohl case that T.D. 5032 was illegal and void.

■ The plaintiff's argument that § 811(g) as amended discriminates against insurance has, we believe, been impliedly rejected by the Supreme Court in its holding that the taxable event is the maturing of the policies upon the death of the insured.

■ We believe that this case is governed by the Manufacturers Bank case, and that that portion of the proceeds of the seven policies on the life of Fred C. Pritzlaff bearing the same relationship to all the proceeds as the premiums paid by the insured bore to all the premiums was properly included in his gross taxable estate.

In his complaint the plaintiff has asked also that the court enter judgment that he is entitled to a refund of that reduction of estate tax which would result from deducting additional attorney fees and special administrator's fees and costs incurred in filing and prosecuting this claim for refund and this action. The matter of the amount thus deductible has not been submitted to the court by the parties, but it would appear that this amount is susceptible to agreement between them. The parties shall forthwith proceed to make such computations, and

the plaintiff will be entitled to judgment in the amount thus computed.

After such computations are made, counsel for the defendant will prepare conclusions of law and an order for judgment in accordance with this discussion and submit them to opposing counsel for approval as to form.